**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROY SPEARS, | No. 15-16874 |
| Plaintiff-Appellant, | D.C. No. 4:14-cv-02352-CKJ |
| v. | |
| CITY OF TUCSON; CHRISTOPHER MAGNUS, Chief of Police; C. BURNETT, Police Officer, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted April 7, 2017
Pasadena, California

Before: McKEOWN and CALLAHAN, Circuit Judges, and QUIST,[**] District
Judge.

Roy Spears appeals the district court's dismissal of his 42 U.S.C. § 1983

action against the City of Tuscon ("the City"), the Tuscon Police Department Chief

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Gordon J. Quist, United States District Judge for the
Western District of Michigan, sitting by designation.

of Police, and Officer Clark Burnett. We review de novo the district court's mootness determination, *Rosebrock v. Mathis*, 745 F.3d 963, 970 n.8 (9th Cir. 2014), as well as the district court's grant of summary judgment, *ACLU of Nev. v. City of Las Vegas*, 466 F.3d 784, 790 (9th Cir. 2006). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Spears's claims for declaratory and injunctive relief are moot. The voluntary cessation of challenged conduct renders a claim moot where "subsequent events ma[k]e it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Rosebrock*, 745 F.3d at 971 (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)). As the City explains and Spears does not dispute, the City's policy is to enforce state trespass laws if a trespass claim is reasonably substantiated. At the time that Officer Burnett was called to the scene, the records reasonably available to the City appeared to indicate that North Wyatt and East Farness Drives were privately owned by the Tuscon Medical Center with no easements. Only a later-commissioned survey revealed the existence of the 1977 Roadway Use Permit that granted an easement for public use of those streets and their accompanying sidewalks.

The City accepts the survey results and now considers the North Wyatt and East Farness sidewalks to have the same status as any other public sidewalk in the

City. The City also states that it will maintain this policy even if the Tuscon Medical Center changes *its* view in the future. There is no evidence that the City enforces trespass laws absent a reasonable belief that the public has no right to access the property. Under these circumstances, it cannot "reasonably be expected" that the City will bar Spears from protesting on these sidewalks in the future.

Spears's nominal damages claim fails because he cannot prove that the City acted with deliberate indifference to his constitutional rights. *Mabe v. San Bernardino Cty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001). Deliberate indifference is a stringent standard that is met where "the need for more or different [action] is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). What happened to Spears appears to be an unusual and isolated application of the City's general trespass policy. In addition, the need for a different general trespass policy was not "so obvious" given the complex nature of First Amendment doctrine regarding the forum status of privately owned pedestrian thoroughfares. *See Venetian Casino Resort, L.L.C. v. Local Joint Exec. Bd. of Las Vegas*, 257 F.3d 937, 943–45 (9th Cir. 2001). Ultimately, even assuming a constitutional violation, Spears cannot establish that

the City's "deliberate policy caused the constitutional violation alleged." *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007).

The district court appropriately held that Officer Burnett is entitled to qualified immunity. When the Tuscon Medical Center security requested that Spears and the other protestors be removed, it was reasonable for Burnett to rely on land records and confirmation from the City that North Wyatt and East Farness Drives were privately owned. An officer is entitled to qualified immunity where his actions did not "violate a clearly established constitutional right, where 'clearly established' means that 'it would be clear to a reasonable officer that his conduct was unlawful *in the situation he confronted*.'" *Wilkins v. City of Oakland*, 350 F.3d 949, 954 (9th Cir. 2003) (citation omitted). This principle from *Wilkins* applies equally to Burnett.

**AFFIRMED.**